UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JOSEPH HOUGH #229223 | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-33 |
| | ) | |
| FLORA HOLLAND | ) | |

### MEMORANDUM and ORDER

This *pro se* prisoner has filed a petition for a writ of mandamus, *see* 28 U.S.C. § 1651, seeking an order directing the Tennessee Court of Criminal Appeals to permit him to file an appellate brief. Apparently, he is claiming that, the state court's refusal to permit him to file a brief works a denial of procedural due process and equal protection. Though the petition itself is confusingly-pled, an order which is attached to the petition and signed by Judge Norma McGee Ogle, of the Tennessee Court of Criminal Appeals, clarifies the basis upon which the petitioner is seeking a writ.

In relevant part, the order reads, as follows:

The *pro se* petitioner has filed a "motion for post-judgment fact decision." Although the motion is not entirely clear, it appears to relate to the dismissal of the petitioner's appeal in another case for failure to prosecute. *See State v. Joseph Hough*, No. E1995-00052-CCA-R3-CD (Tenn. Crim. App. Jan. 13, 2004) (order). The petitioner seeks an evidentiary hearing, an opportunity to file a brief and a transcript.

> Upon due consideration, the court concludes that the motion is not well-taken...(and a)ccordingly, it is ORDERED that the motion is DENIED.

*Hough v. State*, No. E2004-02056-CCA-R3-PC (Tenn. Crim. App. Dec. 29, 2004) (order).

Unfortunately for plaintiff, a federal district court has no authority to issue a writ of mandamus directing a state court or state judicial officers in the performance of their duties. *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970). This is true even where, as here, the alleged wrongdoing "is anchored to alleged deprivations of federally protected due process and equal protection rights." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983) (citing *Doe v. Pringle*, 550 F.2d 596, 599 (10th Cir. 1976)). Hence, this Court has no subject matter jurisdiction to grant the petitioner the relief he requests and the petition will be dismissed on this basis.

Finally, plaintiff is hereby **ASSESSED** the filing fee of two hundred, fifty dollars ($250.00). Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either:

(1) the average monthly deposits to the plaintiff's inmate trust account <u>or</u>

(2) the average monthly balance in the inmate trust account, for the six (6)

months immediately preceding the filing of the complaint on February 7, 2005.

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10.00), until the full filing fee of $150 has been paid.[1] 28 U.S.C. § 1915(b)(2). *See Mc-Gore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send copies of this Order to the custodian of inmate trust accounts at the Northeast Correctional Complex and to Quenton White, Commissioner of the Tennessee Department of Correction, to ensure compliance with the fee-assessment procedures outlined above.

A separate order of dismissal will enter.

ENTER:

s/Thomas Gray Hull
THOMAS GRAY HULL
SENIOR U. S. DISTRICT JUDGE

---

[1] Send the payments to:
Clerk's Office, USDC
220West Depot Street, Ste. 200
Greeneville, TN 37743.